Riccobono, J.
(dissenting memorandum). I dissent and would award final judgment of possession to the landlord together with a money judgment for the full amount of tenant’s rental arrears.
This case is not one in which a sophisticated landlord has taken advantage of an unsophisticated tenant. Indeed the tenant appears rather more sophisticated than the landlord. The apartment at issue, a one-bedroom apartment located at 3 West 87th Street, New York City, had for many years been occupied by an elderly woman. It had been subject to rent control, with a controlled monthly rental of $93. The elderly tenant died in 1979, at the age of 94, and the tenant herein sought to rent the apartment. Even before coming to terms with the landlord, the would-be tenant entered into negotiations with the deceased *54 tenant’s estate and purchased, for the purpose of resale, the furnishings and belongings which the deceased tenant had accumulated over a lifetime. The would-be tenant then pursued her interests with the landlord. Vacant apartments, especially those in midtown Manhattan, off Central Park, are of course scarce, even apartments such as the one at issue, which had run down over a period of years.
It is questionable whether the landlord could have undertaken immediate renovation of this apartment since it was packed with the lifetime belongings of the deceased tenant. In any event, the tenant agreed that she would undertake to paint and decorate the apartment and pay a monthly rental of $400. The rent settled on between the landlord and tenant clearly reflected, inter alia, the tenant’s eagerness to secure the apartment for her own personal use and as a place to store the merchandise recently purchased from the former tenant, prior to arranging for resale of that merchandise; tenant’s agreement to paint and renovate the apartment; and landlord’s desire to re-rent the apartment. There appears little doubt but that the landlord would have demanded a higher rent for the apartment if it had undertaken in the first instance to paint and renovate the apartment, and of course under those circumstances it is entirely problematical whether landlord would have rented the apartment to this particular tenant.
Once in possession, the tenant appealed to the Conciliation and Appeals Board (C.A.B.) on the grounds she was being overcharged for the apartment, argued that the landlord had not effectuated decontrol of the apartment and complained to the C.A.B. as to the condition of the apartment. The tenant refused to honor her commitment to paint and decorate the apartment. The landlord reacting to tenant’s complaints concerning the condition of the apartment attempted to gain access to the apartment in order to paint and to make necessary repairs, but was denied access, apparently upon the ground that landlord had not provided tenant with a formal lease. Ultimately the landlord did gain access and did restore the apartment.
The court below eschewed consideration of tenant’s attack on the $400 fair market value of the apartment upon the ground that the issue was pending before the C.A.B. *55 Parenthetically, in view of tenant’s refusal to honor her commitment to paint and decorate the premises and landlord’s having done so, landlord might well argue that the $400 figure represented less than the fair market value for the apartment as restored, and consequently a higher rent is due for the apartment. The court below rejected tenant’s argument that the apartment was not properly decontrolled.
While Trial Term expressly found that the tenant had agreed to take the apartment “as is” and to decorate it herself, the tenant’s failure to honor that agreement was-found by Trial Term not to excuse the landlord from complying with the warranty of habitability. Trial Term noted, as does the majority of this court, that subdivision 2 of section 235-b of the Real Property Law specifically states that any agreement by a lessee or tenant of a dwelling waiving or modifying his rights under that section is void and contrary to the public policy. Accordingly the court below awarded tenant an abatement of rent, for a period from the commencement of her tenancy in January, 1980 until March 1,1981, of 20% for failure to paint and plaster, inoperable windows and leaks, and an additional 5% for sporadic lack of heat, hot water and inoperable shower.
I would make no such award to the tenant. From my view, the landlord did all that was required of it and in no sense took advantage of this tenant. Tenant’s claim of acting under duress in promising to paint and decorate the apartment is unpersuasive. It was the tenant that solicited the landlord and then breached the bargain. Upon tenant’s failure to honor her commitment to restore the apartment, the landlord undertook to do so only to be arbitrarily denied access by the tenant. When landlord was finally able to gain access and make repairs, the tenant complained of being unable to use her apartment for almost a month because the fumes from the painting and plastering were overpowering. Landlord, as found by Trial Term, made considerable efforts and expended substantial sums in restoring the apartment, and I see no reason to compensate tenant for inconvenience incurred during the restoration process, especially in the context of the history of this case.
*56 As to tenant’s complaints of lack of heat and hot water, those complaints were largely conclusory and lacking in probative detail. No precise records were maintained by the tenant or her witnesses to substantiate the claim of lack of heat and hot water. Moreover, the landlord is composed of five owners, all of whom reside on the premises, and there is no reason to believe they have operated this building in a manner calculated to deprive either the tenants or themselves of heat and hot water. Occasional lapses in service due to equipment failure should not be the basis of an abatement under section 235-b of the Real Property Law. Section 235-b provides that when a condition impairing habitability has been caused by misconduct of the tenant it shall not constitute a breach of the warranty. Under the totality of the circumstances of this case, I believe the tenant has no basis for complaint as to the condition of her apartment or the conduct of the landlord, and I would provide no abatement in her favor.
Hughes, J. P., and Sullivan, J., concur in a Per Curiam opinion; Riccobono, J., dissents in a separate memorandum.